

# NUMBERS 13-23-00314-CR, 13-23-00315-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**NICHOLAS GARCIA,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                 **Appellee.**

---

**On appeal from the 105th District Court
of Kleberg County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Tijerina**

In appellate cause number 13-23-00314-CR, appellant Nicholas Garcia pleaded guilty to the offenses of aggravated robbery and unlawful possession of a firearm. *See* TEX. PENAL CODE ANN. §§ 29.03, 46.04. In appellate cause number 13-23-00315-CR, appellant pleaded guilty to robbery. *See id.* § 29.02. The trial court deferred adjudication

for all three offenses and placed appellant on community supervision for ten years. The State filed a motion to revoke, and at the hearing, appellant pleaded "true" to the allegations in the motion. The trial court revoked appellant's community supervision, adjudicated him guilty of the offenses, and sentenced him to thirty-five years' imprisonment for the aggravated robbery offense, twenty years' imprisonment for the unlawful possession of a firearm offense, and thirty-five years' imprisonment for the robbery offense. Punishment for each of the offenses in both appellate cause numbers was enhanced to that of a first-degree felony because the trial court found that appellant was a habitual felony offender. *See id.* § 12.42. All sentences were ordered to run concurrently. *See id.* §§ 12.42, 29.03, 46.04. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment in appellate cause number 13-23-00314-CR as modified, and we affirm the trial court's judgment in appellate cause number 13-23-00315-CR.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court in both causes, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's briefs meet the requirements of *Anders* as they present a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points

2

of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Appellant's counsel also informed this Court in writing that in both causes he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a copy of the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. Appellant did not file a pro se response in either cause.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief in both causes, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the

3

record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

### III. MODIFICATION OF TRIAL COURT'S JUDGMENT

"[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (collecting cases that have modified judgments in *Anders* cases). In appellate cause number 13-23-00314-CR, the judgment adjudicating guilt has an entry under "Statute for Offense" that recites "29.02" of the penal code. *See* TEX. PENAL CODE ANN. § 29.02 (listing the elements for robbery). However, the correct statute for aggravated robbery is § 29.03. *See id.* at § 29.03 (listing the elements for aggravated robbery). Consequently, we modify the judgment adjudicating guilt in appellate cause number 13-23-00314-CR by changing the recited entry under "Statute for Offense" from "29.02" to "29.03."

### IV. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel in both causes. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motions to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to appellant and to advise him of his right to file a petition for discretionary review in both causes.[1] *See* TEX. R. APP. P. 48.4; *see also In re*

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion

*Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## V. CONCLUSION

We affirm the trial court's judgment in appellate cause number 13-23-00314-CR as modified. We affirm the trial court's judgment in appellate cause number 13-23-00315-CR.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
8th day of February, 2024.

---

for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.